[Cite as *State v. Healey*, 2015-Ohio-4630.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                              Court of Appeals No. L-14-1213

        Appellee                                       Trial Court No. CR0201401884

v.

David Healey                                           **DECISION AND JUDGMENT**

        Appellant                                      Decided:  November 6, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Patricia S. Wardrop, Assistant Prosecuting Attorney, for
appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I.  Introduction

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common

Pleas, convicting appellant, David Healey, for vandalism in violation of R.C.

§2909.05(B)(2).  We affirm.

## A. Facts and Procedural History

{¶ 2} Appellant's conviction stems from an incident in which he broke a sprinkler head at the Correctional Treatment Facility ("CTF"). Appellant arrived at the CTF on March 20, 2014, for an unrelated charge. He was housed on the fourth floor of the CTF in the 4 West unit. Within a day of his arrival, appellant began acting out physically and attempting to escape. One of the other residents who was housed in the same dormitory, Daniel Lampley, testified that appellant was "messing around with the drop-top ceiling" and "kicking the panels on the bottom of the windows." Another resident, Travis Bower, testified that he saw appellant punch himself. Eventually, appellant placed kool aid in his urine to make staff believe he had blood in his urine. Appellant was then transported to the hospital.

{¶ 3} When appellant returned from the hospital, he was seen entering his dormitory on security footage. Shortly after he entered the dormitory, a loud commotion began, and appellant is seen exiting with a black liquid covering his face and upper body. Lampley testified at trial that he was on a lower bunk in the dormitory at the time the sprinkler was broken. He testified that he saw appellant come into the dormitory and climb into appellant's upper bunk. Appellant's bunk was closest to the sprinkler head which was removed from of the ceiling. Lampley then heard a loud popping noise and saw appellant covered in black residue. When Lampley asked appellant what happened, appellant responded that he had set off the sprinkler system. A corrections officer, John

2.

Otting, testified that he saw appellant with black water on his face and upper body and that no other resident was covered with the residue.

{¶ 4} Lucas County Facilities superintendent, Chris Robinson, testified that when the sprinkler system is activated, the sprinkler heads initially release a black residue. This residue does not get released for very long due to the large amount of water that is released through the sprinkler system. He also testified that generally only those closest to the sprinkler heads will be covered in the black residue. Robinson stated that it would take a large amount of force to knock the sprinkler head off of its base and it would be "quite difficult for it to be accidentally activated."

{¶ 5} The sprinkler system was activated after a sprinkler head was knocked off of the ceiling, causing more than five hundred gallons of water per minute to be pumped into the dormitory. As the staff who were present at the scene did not know how to shut off the sprinkler system, the sprinklers were pumping water into CTF for almost two hours until a staff member could shut the system off. Water damage was found throughout CTF from the fourth floor down to the first floor. Crews worked for two days to clean up the damage caused by the sprinkler system. During those two days, any residents of CTF on those floors had to be housed in the gymnasium.

{¶ 6} Based on this evidence, appellant was indicted on one count of vandalism in violation of R.C. §2909.05(B)(2), a felony in the fourth degree. Following a one day trial, a jury found appellant guilty. Appellant was ordered to serve a year in prison.

3.

## B. Assignments of Error

{¶ 7} Appellant sets forth two assignments of error for our review:

Assignment of Error No. 1: The state failed to provide legally sufficient evidence to sustain a conviction for vandalism.

Assignment of Error No. 2: Appellant's conviction for vandalism fell against the manifest weight of the evidence.

## II. Analysis

## A. Sufficiency of Evidence

{¶ 8} In appellant's first assignment of error, he argues that the state produced insufficient evidence to support his conviction. We disagree.

{¶ 9} When making a determination on the sufficiency of the evidence, a reviewing court must determine "whether, after viewing the evidence in a light most favorable to the prosecution any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 460, ¶ 113, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997), citing *State v. Robinson*, 162 Ohio St. 486, 487, 125 N.E.2d 148 (1955). The resolution of this question of law does not allow the court to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983), citing *Jackson v. Virginia*, 443 U.S. 307, 319,

4.

99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "The verdict will not be disturbed unless the appellate court finds reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jenks* at paragraph two of syllabus.

{¶ 10} Appellant was charged with one count of vandalism which requires the state to prove beyond a reasonable doubt that appellant: (1) knowingly caused serious physical harm; (2) to property owned or controlled by the state; (3) when the amount of physical harm is between seven thousand and one hundred fifty thousand dollars; and (4) venue. R.C. 2909.05(B)(2). Appellant does not challenge the property being owned or controlled by the state or venue, and the parties stipulated the amount of damage was between seven thousand and one hundred fifty thousand dollars. Thus, appellant only challenges the evidence as to whether he was the one who damaged the sprinkler. Appellant also argues that the state failed to establish that he *knowingly* caused serious physical harm to the property.

{¶ 11} Appellant claims that the state failed to prove appellant was the person who broke the sprinkler head. We find his argument unpersuasive. Though the state only proved this fact with circumstantial evidence, that does not mean the conviction is based on insufficient evidence. Circumstantial evidence can be just as probative or persuasive as direct evidence. *Jenks* at 272, citing *State v. Nicely*, 39 Ohio St.3d 147, 151 529 N.E.2d 1236 (1988).

5.

{¶ 12} The state provided five witnesses and security footage as evidence at trial. Lampley, another resident who was present, saw appellant get into the bunk closest to the broken sprinkler, heard a loud popping noise, and testified appellant admitted he tampered with the sprinkler head right before the sprinklers were activated. The sprinklers initially release a black residue and appellant was the only one covered in this residue. Robinson testified that only those closest to the sprinklers will get the residue on them. Appellant was also caught on security footage entering the dormitory shortly before the sprinklers were activated and was seen after the system was activated covered in the residue released from the sprinklers. We therefore find reasonable minds could come to the conclusion that appellant was responsible for activating the sprinkler system.

{¶ 13} Appellant also claims the state failed to prove that he knowingly caused serious physical harm to the property. A person acts knowingly "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence * * *." *Id*. Appellant claims the failure of the CTF staff to shut off the sprinkler system for almost two hours and the damage caused because of the delay was unforeseeable. Though the delay in turning off the sprinkler systems may have been unexpected, appellant was aware that the sprinkler system would be activated and water would be pumped into the dormitory when he

6.

tampered with the sprinkler head. He acknowledged this fact when he admitted to setting the sprinkler system off to Lampley after the system was activated. We therefore find reasonable minds could come to the conclusion that appellant acted knowingly when he broke the sprinkler head and therefore activated the entire system.

{¶ 14} When this evidence is viewed in a light most favorable to the state, there was legally sufficient evidence to show that appellant damaged the sprinkler head. Appellant's first assignment of error is not well-taken.

### B. Manifest Weight of the Evidence

{¶ 15} Appellant's second assignment of error argues appellant's conviction was against the manifest weight of the evidence. We do not agree.

{¶ 16} When reviewing a manifest weight of the evidence claim, the appellate court reviews "the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220. A new trial should only be granted in the "exceptional case in which the evidence weighs heavily against the conviction." *Martin*, 20 Ohio App.3d at 175, citing *Tibbs v. Florida*, 457 U.S 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

7.

{¶ 17} In support of his argument, appellant points to two areas that he claims were not proven beyond a reasonable doubt: (1) appellant was the person who broke the sprinkler head; and (2) appellant acted knowingly when he broke the sprinkler head.

{¶ 18} After reviewing the record we cannot agree with appellant that this constitutes an exceptional case in which the evidence weighs heavily against the conviction. The state had security footage showing appellant was in the dormitory at the time the sprinkler was broken. The same security footage showed appellant covered in black residue. Lampley also testified that he saw appellant climb into his bunk, which was closest to the broken sprinkler, and then heard a loud popping noise. Lampley and a corrections officer saw appellant covered with residue and the officer stated that appellant was the only resident covered in the residue. Thus, though no one saw appellant knock the sprinkler head off, there was enough circumstantial evidence to prove beyond a reasonable doubt that appellant committed the act of vandalism.

{¶ 19} Appellant has also failed to demonstrate that the evidence shows he was not acting knowingly when he activated the sprinkler system. Appellant once again claims that he did not act knowingly because the damage was enhanced by the failure of the CTF staff to find the valve to shut off the sprinkler system for more than two hours. However, appellant was aware that by breaking the sprinkler head, he would activate the sprinkler system, thereby releasing thousands of gallons of water into CTF. We therefore find appellant's vandalism conviction is not against the manifest weight of the evidence.

8.

### III.  Conclusion

**{¶ 20}** For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.       _____
                                                 JUDGE

Stephen A. Yarbrough, P.J.

                        _____
James D. Jensen, J.                           JUDGE
CONCUR.

                        _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.